U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 15 2013
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRADLEY HAROLD ANDREWS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-326-A |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Bradley Harold Andrews, a state prisoner currently incarcerated in the Tarrant County Jail in Fort Worth, Texas, against Dee Anderson, Sheriff of Tarrant County, Texas, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

The pleadings and state court records presented by the parties reflect that petitioner is serving a 7-year sentence for his August 12, 2011, burglary conviction in the 372nd District Court of Tarrant County, Texas. (Pet., Ex. 1c)  Petitioner

appealed his conviction and sentence, but the Second District Court of Appeals of Texas affirmed the trial court's judgment of conviction by a jury, and, on March 27, 2013, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Pet., App. A) *See Texas Courts Online - Court of Criminal Appeals*, available at http://www.cca.courts.state.tx.us., Case No. PD-1706-12. Petitioner also filed an application for postconviction state habeas relief, raising one or more of the claims presented herein, which was dismissed by the Texas Court of Criminal Appeals on May 22, 2013, because his direct appeal was still pending. (Pet'r Packet "PDR") *Id.*, Case No. WR-79,374-01. This federal habeas petition was filed on April 16, 2013.[1]

## II. ISSUES

Petitioner's raises four grounds for relief: (1) he received ineffective assistance of trial counsel, (2) the prosecution coerced the alleged victims to lie under oath, (3) the sentence is excessive, and (4) the trial judge denied pro se motions and prevented the substitution of counsel. (Pet. at 6-7)

---

[1] A prisoner's habeas petition is deemed filed when it is placed in the prison mailing system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## III.  RULE 5 STATEMENT

Respondent has filed a motion to dismiss the petition, wherein he maintains that petitioner's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c). (Resp't Mtn to Dismiss at 4-6)

## IV.  EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). 28 U.S.C. § 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

3

A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

Petitioner has filed a response to respondent's motion, stating:

> Petitioner disagrees and his petition for writ of habeas corpus should not be dismissed because petitioner has exhausted his state remedies in part. Therefore, petitioner would choose to eliminate the unexhausted claims and proceed with an amended petition.

(Pet'r Resp. at 2)

In his "amended petition," petitioner reasserts his ineffective assistance of counsel claims and states that he wishes to exclude issues (2) through (4) and prosecute this habeas corpus proceeding to its conclusion. Accordingly, it is necessary to review the proceedings in the Texas Court of Criminal Appeals to determine whether petitioner has exhausted his ineffective assistance claims in that court for purposes of § 2254(b) and (c).

4

Petitioner's amended petition claims counsel was ineffective in the totality of his representation, generally, because (a) counsel failed to provide notice of the existence of a state bar grievance process pursuant to § 81.079(b) of the Texas Government Code, (b) counsel frustrated, impeded and deprived petitioner his due process rights with respect to reasonable representation through various acts and omissions, including alluding to petitioner's election not to testify in violation of article 38.08 of the Texas Code of Criminal Procedure, (c) counsel failed to conduct a factual investigation of the case, and (d) counsel "engaged in communication with petitioner that cannot be regarded as anything less than 'malicious,'" causing an irreparable conflict between attorney and client. (Pet'r Resp. to MTD at 6; Pet'r Mem. at 1-2)

In his petition for discretionary review, petitioner claimed only that counsel was ineffective for alluding to his election not to testify in violation of article 38.08. (Packet "PDR", PDR at 1) Although petitioner raised additional ineffective assistance claims in his state habeas application, the application was dismissed because petitioner's direct appeal remained pending. As such, the only ineffective assistance claim that has been fully exhausted is petitioner's claim that counsel

violated article 38.08 by alluding to his election not to testify.

Consequently, the state's highest court has not been afforded a fair opportunity to consider the merits of petitioner's claims, save for one, and the claims are unexhausted for purposes of federal habeas review. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Petitioner maintains the right to pursue state corrective process *via* a state habeas application, which may also assist him in further developing the record.

Further, if the court proceeds at this juncture, only one of petitioner's claims would likely be addressed on its merits, and any subsequent federal petition raising the remaining claims once exhausted may be considered a "second or successive" petition under 28 U.S.C. § 2244(b)(2). The statute encourages exhaustion to avoid such piecemeal and successive federal filings.

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 be, and is hereby, granted and that the petition be, and is hereby, dismissed without prejudice on exhaustion grounds.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has neither demonstrated that his claims have been exhausted nor has he made a substantial showing of the denial of a constitutional right.

SIGNED June 15, 2013.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE